CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 21 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD L. SMITH, ) | |
| ) | Civil Action No. 7:14CV00049 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Richard L. Smith, was born on February 26, 1965 and eventually reached the tenth grade in school. Mr. Smith has worked as a painter and construction laborer. He last worked on a regular and sustained basis in 2010. On August 12, 2010, plaintiff filed an application for supplemental security income benefits. Mr. Smith alleged that he became disabled for all forms of substantial gainful employment on June 15, 2010, due to back injury; neck injury; diabetes; kidney stones; esophageal reflux disease; anxiety; shoulder problems; and chronic obstructive pulmonary disease. Mr. Smith now maintains that he has remained disabled to the present time.

Plaintiff's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 24, 2012, the Law Judge also determined that Mr. Smith is not disabled. The Law Judge found that plaintiff suffers from several severe impairments, including diabetes mellitus; mild asthma; kidney stones; gastroesophageal reflux disease; colovesical fistula with diverticulitis; cervical and lumbar degenerative disc disease, left shoulder pain, depressive disorder, anxiety disorder, and a history of poly-substance abuse. (TR 101). Because of this combination of impairments, the Law Judge held that plaintiff is disabled for his past relevant work roles. However, the Law Judge ruled that Mr. Smith retains sufficient residual functional capacity to perform a limited range of sedentary work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 416.967(a) in that he can lift or carry 10 pounds frequently and 20 pounds occasionally and can stand and walk two hours and sit six hours in an eight-hour workday. He can never climb ladders, ropes, or scaffolds, can occasionally balance, stoop, kneel, crouch, and crawl, and can frequently reach and overhead reach with left upper extremity. He must avoid concentrated exposure to irritants and heights. He is limited to simple, routine, repetitive tasks that only require occasional interaction with coworkers.

(TR 105). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mr. Smith retains sufficient functional capacity to perform several specific sedentary work roles which exist in significant number in the national economy.[1] Accordingly, the Law Judge ultimately

---

[1] The Law Judge listed potential jobs as an assembler, packer, and inspector/tester/sorter. (TR 109).

2

concluded that Mr. Smith is not disabled, and that he is not entitled to supplemental security income benefits. See generally, 20 C.F.R. § 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Smith has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. As set forth above, the Administrative Law Judge found that Mr. Smith suffers from a combination of severe emotional and physical impairments which renders him disabled for his past relevant work as a painter. In a case in which the claimant establishes disability for past relevant work, the burden of going forward with the evidence shifts to the Commissioner to establish the availability of alternate work roles, which the claimant could be expected to perform. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975). See also, 20 C.F.R. § 404.1560(c)(2). In order to discharge this burden, the Commissioner often relies on testimony from a vocational expert. Grant, 699 F.2d at 192. As reflected above, in the instant case, the Administrative Law Judge relied

on testimony from a vocational expert in determining that Mr. Smith could be expected to perform certain sedentary work roles existing in significant number in the national economy. At the time of the administrative hearing on August 23, 2012, the Law Judge posed a series of hypothetical questions to the vocational expert. In response to a question which assumed residual functional capacity for medium levels of exertion, the Law Judge identified a variety of jobs which Mr. Smith could be expected to perform. The Law Judge then posed a second hypothetical question to the vocational expert:

> For this one let's assume an individual who could lift up to 20 pounds occasionally, 10 pounds frequently. Who could stand or walk about two hours, sit for up to six hours out of an eight hour day.
>
> Just one moment. Okay. Thanks. Again 20 pounds occasionally, 10 pounds frequently. Stand or walk two, sit for six of an eight hour day. Could never climb ladders, ropes or scaffolds, could occasionally climb ramps or stairs and occasionally balance, stoop, kneel, crouch and crawl.
>
> Who would need – who could frequently reach and overhead reach with their left upper extremity. Who needed to avoid concentrated exposure to irritants, chemicals and hazards like moving machinery and heights.
>
> Needs work limited to simple, routine, repetitive tasks with only occasional interaction with the public or with co-workers. Based on those limitations would there be work in the national or regional economy for such an individual?

(TR 144). In response, the vocational expert testified that Mr. Smith could perform several sedentary work roles as an assembler, packer, and inspector/tester/sorter. (TR 145). The Law Judge relied on this testimony in denying plaintiff's claim.

The difficulty in this case is that in questioning the vocational expert, the Law Judge did not include all of the limitations found to exist by the mental health specialists, upon whose opinions the Law Judge relied. The Law Judge "placed weight" on a consultative psychological study from Dr.

4

Pamela S. Tessnear and a state agency psychological review by Dr. Louis Perrot (TR 107). In her report, Dr. Tessnear observed that Mr. Smith is "distractible and cannot maintain concentration for extended periods." (TR 586). She also reported that because of plaintiff's depression and anxiety, he "would have trouble remaining seated for more than an hour at a time." (TR 586). Dr. Tessnear noted that Mr. Smith is able to understand and follow simple instructions. (TR 586). After reviewing all of the evidence of record, Dr. Perrot stated that plaintiff experiences moderate limitations in his capacity to maintain attention and concentration for extended periods. (TR 173). Dr. Perrot also noted moderate limitations in plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (TR 173). The psychologist reported moderate limitations in plaintiff's capacity to work in proximity to others without distraction, and to complete a normal work day and work week at a consistent pace without an unreasonable number of rest periods. (TR 173). Thus, while the vocational expert proposed alternate work roles as an assembler, packer, and inspector/tester/sorter, the vocational expert was not asked to consider the degree to which such work roles require sustained concentration, consistent production output, and focus on task.

In Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (citations omitted).

5

Case 7:14-cv-00049-GEC   Document 16   Filed 01/21/15   Page 5 of 8   Pageid#: 968

In the instant case, the court does not believe that the assessment offered by the vocational expert, which was adopted by the Administrative Law Judge, was based on all of the work-related limitations documented in the record, and as set forth in reports favorably weighed by the Law Judge. Stated differently, while Mr. Smith was ultimately found to be capable of simple, unskilled, sedentary jobs as an assembler, packer, and inspector, the vocational expert was not asked to consider the interplay of moderate limitations in concentration and consistency, or the claimant's propensity for distraction. In such circumstances, the court is unable to conclude that the Law Judge properly identified alternate work roles which take into account plaintiff's particular combination of physical and emotional impairments. Thus, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration.

In his opinion, the Law Judge did not explain his decision not to include the findings of moderate limitations in concentration and consistency, or plaintiff's propensity for distraction, in his assessment of plaintiff's residual functional capacity. However, in other cases, the Commissioner sometimes argues that such moderate limitations are subsumed under a finding that a claimant is capable of performing only simple, unskilled, routine, and repetitive tasks. The court does not believe that such a proposition is consistent with the evidence, or that it finds support in the caselaw. A limitation to simple, unskilled work does not necessarily imply, or take into account, moderate limitations in concentration, persistence, or pace. See Sexton v. Colvin, 21 F.Supp.3d 639, 642-43 (W.D.Va. 2014). As noted by the United States Court of Appeals for the Tenth Circuit in Wiederholt v. Barnhart, 121 F. App'x 833, 839 (10th Cir. 2005):

> The relatively broad, unspecified nature of the description "simple" and "unskilled" does not adequately incorporate the ALJ's additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the ALJ omitted, without

6

explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed. Moreover, there is no evidence to suggest that the VE heard testimony or other evidence allowing her to make an individualized assessment that incorporated the ALJ's specific additional findings about Mrs. Wiederholt's mental impairments. (citations omitted).

See also Millhouse v. Astrue, 2009 WL 763740, at *3 (M.D. Fla.) (stating that "moderate limitations in social functioning and concentration, persistence, or pace constitute greater restrictions than a limitation to unskilled work"); Chavanu v. Astrue, 2012 WL 4336205, at *9 (M.D. Fla.) ( noting that "[s]everal circuits have found that restricting [a] VE's inquiry to simple, routine, or repetitive tasks, or unskilled work does not accounts [sic] for a plaintiff's moderate deficiencies in concentration, persistence, or pace," and citing to these cases). Indeed, as noted above, it seems that problems with concentration and consistency would be especially critical in terms of performance of routine and repetitive tasks. Stated succinctly, the court concludes that the hypothetical question posed by the Administrative Law Judge, which excluded plaintiff's propensity for distraction and his moderate limitation in concentration and consistency, is not supported by the evidence of record. The court will remand this case for appropriate proceedings.

On appeal, plaintiff maintains that the final decision of the Commissioner should be reversed, based on certain medical findings which were not adopted by the Law Judge. Without going into any great detail, the court agrees that the Law Judge accorded little weight to the findings of a treating physician, Dr. Michael Clary, and that the Appeals Council failed to consider a report from a board certified orthopaedic surgeon, Dr. Robert B. Stephenson, which was submitted after the Law Judge rendered his decision. As to Dr. Clary's report, the court believes that there is evidence which supports the Law Judge's determination to accord the treating physician's physical assessment less

7

weight. The court agrees that Dr. Clary's report is not consistent with several of the other medical assessments of record. Moreover, Dr. Clary's finding that plaintiff is unable to sit for more than two hours in a work day is simply not consistent with Mr. Smith's testimony or his presentation to other physicians. On the other hand, the court believes that the Commissioner's treatment of Dr. Stephenson's report was problematic.[2] See Meyer v. Colvin, 662 F.3d 700 (4th Cir. 2011). However, inasmuch as the appropriate remedy for the Appeals Council's failure to properly consider "interim evidence" is remand for additional development, see Meyer, supra at 707, the court believes that this additional deficiency in the Commissioner's consideration of Mr. Smith's case can be properly addressed on remand. In any event, based on the existing record, the court is unable to conclude that Mr. Smith has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further consideration and development. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing, at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This  21st  day of January, 2015.

Glen Conrad

Chief United States District Judge

---

[2] The Appeals Council ruled that Dr. Stephenson's report did not inform consideration of plaintiff's condition during the period of time adjudicated by the Law Judge, even though Dr. Stephenson examined Mr. Smith about a month after the Law Judge rendered his opinion. (TR 2).

8